UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERTO JIMENEZ (3),<br>Defendant. | CASE Nos.: 18-cr-1125-WQH-3<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Early Termination of Supervised Release filed by Defendant Roberto Jimenez. (ECF No. 204.)

## I. Background

According to the Presentence Investigation Report ("PSR"), Defendant was involved in a methamphetamine distribution operation, with the investigating case agent describing Defendant as an organizer of two other co-defendants. (*See* ECF No. 131 ¶¶ 6–24.)

On March 23, 2018, a Superseding Indictment charged Defendant with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 30.)

On February 5, 2019, Defendant pleaded guilty to the charge pursuant to a written plea agreement. (ECF Nos. 115, 118.)

On July 1, 2019, the Court revoked Defendant's pretrial release based upon two positive tests for marijuana use and one positive test for cocaine use. (ECF No.

164.)

On July 8, 2019, the Court conducted a sentencing hearing. (ECF No. 168.) The Government and Probation recommended 120 months in custody, and Defendant recommended 70 months in custody. (*See* ECF Nos. 131 ¶ 100, 162-1, 167.) The Court sentenced Defendant to 100 months in custody, followed by three years of supervised release. (ECF No. 168; *see also* ECF No. 169 (Judgment).) In so sentencing, the Court departed downward from the advisory Guideline range for the custodial sentence and the supervised release; in particular, the advisory Guideline range for supervise release was five years. (*See* ECF No. 131 ¶ 102.)

On August 26, 2026, Defendant filed the pending Motion for Early Termination of Supervised Release. (ECF No. 204.) Defendant asserts that he completed his custodial sentence in July of 2024 and then began his three-year term of supervised release. Defendant asserts that the reason "why [he] is seeking early termination of supervised release" is because his construction business has lost "work opportunities [that] are out of the jurisdictions Mr. Jimenez has permission to be in," because "[w]hile Probation always approves of his travel, the time it takes to receive that approval sometimes causes opportunities to lapse." *Id.* at 2. Defendant also "would like to be able to take last minute trips to visit" his "elderly" grandmother. *Id.* at 3. Defendant asserts that he has "demonstrated commitment to his sobriety, business, and stability, and he "is rehabilitated and not at risk of reoffending." *Id.*

On October 14, 2026, the Government filed a response to the Motion for Early Termination of Supervised Release. (ECF No. 207.) The Government "requests that the Court deny Defendant's motion for early termination and allow his supervised release to continue through its scheduled expiration on July 23, 2027." *Id.* at 6. The Government reports that "Probation recommends that supervision continue because of its concerns regarding the underlying offense and the conduct alleged in the PSR." *Id.* at 2–3. However, the Government "supports

modifying the travel condition to permit travel to specified nearby states and to Mexico without prior Probation approval, while leaving the remaining conditions of supervised release in effect." *Id.*

On October 20, 2026, Defendant filed a reply. (ECF No. 208.) Defendant asserts that "considering his two years living in the community with demonstrated rehabilitation and law-abiding behavior, probation's resources are no longer needed" to supervise him. *Id.* at 2. Defendant contends that "[t]he Court should not consider … dated, non-adjudicated conduct [in the PSR] as a reason to not terminate Mr. Jimenez on supervision." *Id.* Defendant alternatively asserts that, "[i]f the Court is inclined to keep Mr. Jimenez on supervision, then he would join" the Government's request to modify his travel conditions to allow "travel to Mexico without prior permission" and "travel … throughout the United States." *Id.* at 2–3. Defendant asserts that, "[t]o show how expanded his network is, Mr. Jimenez currently needs permission to travel to Michigan, New York, Florida, and Arizona for jobsites he is hoping to work on," and "[h]e would also need permission to travel between these jobsites if the bid is successful." *Id.* at 3.

## II. Discussion

The legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e). *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Section 3583(e) states: "The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— … terminate a term of supervised release …, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice…." 18 U.S.C. § 3583(e)(1). The listed § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1]

"The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting 18 U.S.C. § 3583(e)(1)). While "changed circumstances such as exceptionally good behavior by the defendant may warrant termination of supervised release," such a showing is not required in order to warrant termination of supervised release. *Id*. (quotation omitted); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The text of § 3583(e) does not support a legal standard that categorically requires a petitioner to demonstrate undue hardship."). "[C]ourts have required the defendant, as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citations omitted).

The nature and circumstances of the offense are concerning, as discussed in

---

[1] In considering motions for early termination of supervised release under § 3583, Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A).

the PSR. (*See* ECF No. 131 ¶¶ 6–24.) However, as discussed in Defendant's filings, Defendant has performed well in custody and on supervised release. With respect to Defendant's concern about wasting the resources of Probation (*see* ECF No. 208 at 1–2), the Court finds no basis to question Probation's own assessment of the best uses of its resources (*see* ECF No. 207 at 2–3). After considering the relevant factors, the Court does not find sufficient basis to prematurely end Defendant's term of supervised release. The Court is not persuaded that early termination is warranted by the conduct of Defendant or would serve the interest of justice.

However, the Court finds that the modification of the terms of supervised release discussed by the parties is warranted by the conduct of the Defendant and the interests of justice. Pursuant to 18 U.S.C. § 3583(e)(2), the Court will modify the conditions of supervised release to allow Defendant to travel throughout the United States and Mexico without first obtaining permission of Probation.

## III. Conclusion

IT IS HEREBY ORDERED that the Motion for Early Termination of Supervised Release is denied, except as follows. (ECF No. 204.) Standard Condition 3 (requiring Defendant to obtain the permission of Probation prior to travel outside the judicial district in which Defendant is authorized to reside) and Special Condition 1 (not allowing Defendant to enter Mexico without prior permission) are vacated. Except as modified herein, all other provisions of the Judgment dated July 11, 2019 (ECF No. 169), shall remain in effect.

Dated: November 23, 2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court